*E-FILED - 12/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDINO JOHNSON, | No. C 09-2983 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| R.S. WARREN and BRAD SMITH, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court DISMISSES the complaint for failure to state a cognizable claim.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

1  (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
2  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law. See West v.
6  Atkins, 487 U.S. 42, 48 (1988).
7  B.    Plaintiff's Claim
8       Plaintiff claims that on July 30, 2008, fellow inmate Mashburn was removed from
9  working at Prison Industry Authority and placed into a position at Joint Venture. A few weeks
10 later, plaintiff was given a five cent pay increase. Approximately one month later, plaintiff was
11 demoted and his pay level decreased because inmate Mashburn returned and was re-assigned
12 back into Prison Industroy Authority. Accordingly, plaintiff requests that his pay level be
13 reinstated.
14      Plaintiff's claim for wages must be dismissed. There is no constitutional right to a job in
15 prison. See Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982). Whatever liberty or
16 property interests inhere in prison employment are the product of state law, see Lyon v. Farrier,
17 727 F.2d 766, 769 (8th Cir. 1984), and there is no indication that the State of California has
18 created a protected liberty or property interest in a prison job: The California Constitution states
19 that its provisions on inmate labor shall not be interpreted as creating a right of inmates to work,
20 see Cal. Const. art. XIV § 5, and the state statute which provides for work credits, see Cal. Penal
21 Code § 2933, has been found not to create a protected liberty interest. See Toussaint v.
22 McCarthy, 801 F.2d 1080, 1095 (9th Cir. 1986). Plaintiff has cited to no case, and the court is
23 aware of none, that indicates his claim violates any right secured by the Constitution or laws of
24 the United States.
25      While district courts must afford pro se prisoner litigants an opportunity to amend to
26 correct any deficiency in their complaints, see Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir.
27 2000) (en banc), a pro se complaint "may be dismissed for failure to state a claim only where it
28 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Johnson983dis.wpd    2

1 would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations
2 and internal quotations omitted).  Here, even liberally construed, under the circumstances
3 alleged, plaintiff has not alleged facts sufficient to entitle him to relief.  Accordingly, the court
4 concludes that leave to amend would be futile.

**CONCLUSION**

Accordingly, plaintiff's complaint is DISMISSED for failure to state a cognizable claim. The Clerk shall terminate any remaining motions and close the file.

IT IS SO ORDERED.

DATED: 12/7/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Johnson983dis.wpd          3